NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFERSON ANDRE DIAZ
CARRILLO; GIA MIKAELA DIAZ
RAMIREZ; ANDREA ELIZABETH
RAMIREZ ZAPATA,

Petitioners,

v.

JAMES R. MCHENRY III, Acting
Attorney General,

Respondent.

No. 23-4141

Agency Nos. 241-669-807
241-669-808
241-669-809

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, Circuit Judges, and BOLTON, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

1

Petitioners are a family of three citizens of Peru. They petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their motion to reopen. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

We review the denial of a motion to reopen for abuse of discretion and "defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

The BIA can deny a motion to reopen "on any one of at least three independent grounds," including (1) "failure to establish a prima facie case for the relief sought," (2) "failure to introduce previously unavailable, material evidence," or (3) "a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *Id.* (internal quotation marks and citation omitted).

1. The new evidence does not establish a prima facie case for relief. The BIA acknowledged that the affidavits from Petitioners' family, detailing the vandalism of Petitioner Diaz's car and threats that Diaz would be harmed if he returned may "speak to the Immigration Judge's finding that [Petitioners'] fear [of returning] was not objectively reasonable." Still, the BIA did not abuse its discretion in concluding that Petitioners failed to explain how evidence about

2

events that occurred *after* they left Peru would change the Immigration Judge's ("IJ") no-past-persecution determination.

2.  While Petitioners argue that the new evidence demonstrates that Diaz's "family members continue to suffer threats and harassment," the affidavits do not describe any harm or threats directed towards Diaz's family members. Rather, Diaz's mother described two occasions where men asked her where Diaz was and said "they will take care of him" if he returned. And Diaz's brother described one incident where two men said "they were going to put a lead" into Diaz if he returned. The BIA did not abuse its discretion in concluding that this evidence would not impact the IJ's no-nexus determination.

3.  As for the new country conditions report, Petitioners do not explain how the 2022 report differs from the 2021 report, which the IJ considered. Similar to the 2022 report, the 2021 report mentioned "serious government corruption at all levels," and the IJ acknowledged that "the country conditions reports do note problems with corruption and impunity." The IJ noted, however, that the police in Peru "did attempt to help [Diaz] after he made his report" and further determined that relocation could be reasonable. The BIA did not abuse its discretion in concluding that this new evidence does not establish a basis for CAT protection.

4.  Lastly, Petitioners argue that the BIA erred in finding that the evidence was previously available. Petitioners admit that certain portions of the affidavits

refer to events that occurred before the hearing and therefore would have been available, but other portions of the affidavits and the 2022 report were not previously available. In any case, the BIA did not rely exclusively on this ground when denying Petitioners' motion as the BIA additionally found that the new evidence failed to establish a prima facie case for relief.

**PETITION DENIED.**

4